902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny GORDON, Plaintiff-Appellant,
v.
Norman R. ANDERSON, Sgt.; Barbara Hazelwood; Sally Ann
Hice; Warden O'Dea, Defendants-Appellees.
 No. 89-6183.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 Danny Gordon, a Kentucky prisoner proceeding pro se and in forma pauperis, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and other relief, Gordon brought suit against members of Roederer Farm Center's Adjustment Committee. Gordon alleged that he was denied due process by the Committee's inadequate written statement of its reasons for its decision to discipline him and that he was denied due process because the Committee failed to make an adequate determination of the reliability of a confidential prison informant who implicated him. The complaint's remaining allegations were not preserved on appeal.
 
 
 4
 The case was referred to a magistrate who recommended that summary judgment be granted for defendants. The district court adopted the magistrate's report and recommendation over Gordon's objections. Summary judgment was granted for defendants.
 
 
 5
 Upon review, we find no error. The Supreme Court has held that there must be a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonell, 418 U.S. 539, 564-65 (1974). This court has indicated that "the principal reason the Supreme Court commanded in Wolff that prison disciplinary authorities prepare a 'written statement ... as to the evidence relied on and the reasons for disciplinary action' is to enable reviewing courts to obtain a reviewable record that demonstrates that the prison disciplinary hearing was conducted fairly." Hensley v. Wilson, 850 F.2d 269, 277 (6th Cir.1988). This case provides just such a record. The district court did not err.
 
 
 6
 The due process clause requires that the Committee have some evidentiary basis, even hearsay, upon which to determine for itself that the informant's story is probably reliable. Hensley, 850 F.2d at 277. In this case, the Committee was presented with a specific scenario for the smuggling of drugs into the prison. Upon investigation, every item of the informant's information was corroborated. This corroboration provided the Committee with sufficient evidence to determine for itself that the informant's story was probably true.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation